```
                                    FILED
                              2010 JUL -1  AM 8: 13
                           CLERK US DISTRICT COURT
                           SOUTHERN DISTRICT OF CALIFORNIA

                           BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br>vs.<br><br>MARTIN PARRA-SALGADO,<br><br>                Defendant/Petitioner. | CASE NO. 10-CV-1322 BEN<br>       (09-CR-3155)<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE AND DENYING MOTION FOR IN FORMA PAUPERIS STATUS<br><br>(Docket Nos. 21, 22) |
|---|---|

       Defendant/Petitioner Martin Parra-Salgado ("Petitioner"), proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Reduce Sentence") pursuant to 28 U.S.C. § 2255 and Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). Having read and considered the papers submitted, the Court **DENIES** the Motion to Reduce Sentence (Docket No. 21) and **DENIES** the IFP Motion (Docket No. 22), for the reasons stated below.

## BACKGROUND

       On October 31, 2009, Petitioner pled guilty to one count of attempted entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

       On December 22, 2009, the Court entered a Judgment against Petitioner and sentenced Petitioner to a prison term of twenty-four (24) months.

       On June 18, 2010, Petitioner filed the Motion to Reduce Sentence, alleging the Court failed

to give effect to his plea agreement and failed to follow the sentencing guidelines. After reviewing the motion, the Court finds that no response from Respondent is necessary. 28 U.S.C. § 2255(b) (if the motion and files in the case show conclusively that the prisoner is not entitled to relief, the court need not order a response from the United States government or grant a hearing); *see also* Rule 4 foll. 28 U.S.C. § 2255. As set forth below, the Motion to Reduce Sentence is DENIED.

On June 18, 2010, Petitioner also filed a motion for IFP status. As set forth below, because no filing fee is required for Section 2255 motions and the Motion to Reduce Sentence is denied in any event, Petitioner's IFP Motion is DENIED.

## DISCUSSION

### I. MOTION TO REDUCE SENTENCE UNDER 28 U.S.C. § 2255

Section 2255 of title 28 of the United States Code provides, in relevant part, that a federal prisoner "claiming . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In his Section 2255 motion, Petitioner challenges his 24-month sentence, alleging he was not afforded the downward departures for accepting responsibility and being placed on fast-track that were promised to him under the plea agreement.

The plea agreement in this case includes a waiver provision whereby Petitioner waived "to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." (Docket No. 17, pgs. 3-4.)

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)).

The plea agreement's language in this case clearly embraces a waiver of any collateral

1 attack on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*,
2 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). Petitioner does not challenge the voluntariness of
3 his waiver or state any other reason why the waiver is invalid. The record also reflects that
4 Petitioner's waiver was knowing and voluntary, as evidenced by his initials on each page of the
5 plea agreement and at the end of the agreement. As there is no evidence that the waiver was made
6 involuntarily and unknowingly, the waiver is valid.

7 The exceptions to waiver set forth in the plea agreement also do not apply. Those
8 exceptions include where the Court imposes a sentence greater than the high end of the range
9 recommended by the Government or greater than the statutory mandatory minimum. (Docket No.
10 17, pgs. 3-4.) In the plea agreement, Petitioner specifically acknowledged that, in sentencing, the
11 Court would consider not only the charged offense but also certain other factors including
12 Petitioner's prior felony conviction which resulted in a four-level enhancement and Petitioner's
13 Criminal History which is rated as a Category VI. (Docket No. 17, pgs. 2-3.) The Sentencing
14 Memorandum submitted by the Government, in fact, lists both the prior felony conviction and the
15 Category VI criminal history, as well as the downward departures afforded under the plea
16 agreement. After taking these factors into account, the Government recommended a sentence
17 between 18 and 24 months. This sentence range was correct, pursuant to USSG §§ 2L1.2,
18 3E1.1(b) and 5K3.1 and USSG Ch. 5, Pt. A. Based thereon, the Court imposed a sentence of 24
19 months. This sentence neither exceeded the high end of the sentencing range recommended by the
20 Government nor exceeded the statutory mandatory minimum.[1]  Thus, the exceptions to the waiver
21 do not apply.

22 As Petitioner's claims are barred by the plea agreement, the Court **DENIES** the Motion to
23 Reduce Sentence.

24 **II.     MOTION FOR IN FORMA PAUPERIS STATUS**
25 Because there is no fee to file a Section 2255 motion and the Motion to Reduce Sentence is
26 denied in any event, the Court denies Petitioner's motion for IFP status. If Petitioner seeks IFP

---

[1] There is no mandatory minimum for an 8 U.S.C. § 1326 offense; thus, that exception to the waiver does not apply.

status for any subsequent appeal that involves a filing or other fee, Petitioner is notified that he must comply with Federal Rule of Appellate Procedure 24 and/or any other applicable rules.

The IFP motion is **DENIED**.

## CONCLUSION

In light of the above, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 21) and **DENIES** Petitioner's Motion for Leave to Proceed In Forma Pauperis (Docket No. 22).

**IT IS SO ORDERED.**

Date: 6/30/2010

Hon. Roger T. Benitez
Judge, United States District Court